# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 31, 1907.

GEORGE R. GAITHER, RECEIVER,
VS.
JOSHUA HORNER ET AL.

*R. B. Tippett & Bro.* and *Bernard Carter & Sons* for John McPhail.

*Thos. C. Weeks* for John Bauernschmidt.

ELLIOTT, J.—

The hearing in this cause is upon a motion made on behalf of John Bauernschmidt, one of the defendants, to dismiss the bill of complaint filed herein as against him.

There has also been filed in this case a demurrer by John McPhail, to the amended bill which raises practically the same point raised by the motion to dismiss.

It is not strictly correct to speak of an amended bill because no additional bill has been filed herein, and the only change made in the original bill has been made by striking from the list of defendants the names of a number of those originally included in the suit.

It is clear, therefore, that any errors, if such there were in the original proceedings still exist, except in so far as they were incident to the including of improper parties, and have been obviated by the striking out of said parties.

The only question, therefore, which the Court is called upon to decide is as to whether or not the present proceedings have been so brought, and at present exist as to entitle the plaintiff to proceed with the litigation.

The theory of the plaintiff seems to be that inasmuch as the Court of Ap-

peals, in its opinion, filed on the 15th day of June, 1906, held the original bill multifarious because of the attempt therein made to hold all of the directors of the American National Bank of Baltimore responsible for certain acts or omissions, extending over a considerable period of time, without regard to the question of whether or not the said defendants were directors for the whole period mentioned, or whether or not they were all jointly liable for the same acts, the objection to said bill could be gotten rid of by striking out all those who were directors for only a portion of the term, and leaving in certain of the directors who had been such during the whole period covered by the complaint.

It goes without saying, even if it had not been so expressly decided by the Court of Appeals, that those directors who had held office through the whole period complained of, would have no right to object to a bill which sought to hold them accountable for their acts or omissions during the whole of the period, but the trouble with the present proceedings arises from the fact that it is an attempt to hold only some directors liable, though the allegations of the bill clearly are, that all of the directors for the time being, both those who are still retained, and also those who are stricken out, were responsible from time to time, but during different periods, for what is now complained of.

In other words, it is apparent upon the very face of the bill that no attempt is being made to hold responsible for any particular period in the history of the bank, since the first day of January, 1898, all the persons who must have been responsible, if any were.

The amended bill so called, is therefore, defective and clearly demurrable, and while under ordinary circumstances this Court would feel disposed to permit any and all reasonable amendments; yet, as in this case, no proper amendment, as this Court views it, has been made, in pursuance of the permission granted by the decree of October 5th, 1906, there remains to be done nothing but sustain the demurrer, grant the motion and dismiss the bill, which this court will do upon presentation of a proper order.